IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| APF CONSTRUCTION, INC., a Utah Corporation,<br><br>        Plaintiff,<br>vs.<br><br>SOLVAY CHEMICALS, INC., a Delaware Corporation,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:13CV16 DAK |

      This matter is before the court on Defendant Solvay Chemicals' ("Solvay") Motion for Partial Summary Judgment.  A hearing on the motion was held on December 17, 2014.  At the hearing, Solvay was represented by O'Kelley H. Pearson and Jared C. Fields.  Plaintiff APF Construction, Inc. ("APF") was represented by Richard F. Ensor.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

      This case involves the claim for damages related to an industrial construction project at Solvay's plant located in Green River, Wyoming, where trona is mined and processed into soda

ash.[1]  At issue is payment for work performed by APF, on one of Solvay's large industrial dryers, known as the DR-2.  APF claims that it is owed damages for "extra" work it performed, outside the scope of work incorporated into the bid it submitted in January, 2012.  Solvay denies this claim and asserts that it has fully and fairly compensated APF for its work.  Specifically, in its Complaint,  APF has asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

In the instant motion, Solvay has moved for partial summary judgment, arguing that APF's damages, if any, for the alleged breach of contract are limited by APF's own admissions to no more than $131,000, which are the quantifiable costs associated with any breach.  Solvay seeks a ruling from the court that APF cannot support its contention that the changes to the scope of the Dryer Project "pervaded the entire project," warranting application of the "total cost method,"which is the measure of damages sought by APF.  Solvay also contends that APF's remaining claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment fail as a matter of law.[2]

The court declines to find, as a matter of law, that the "total cost method" does not apply in this case.   While the total-cost method of computing recovery "is generally disfavored by the courts," it "is permissible where the breach or unexpected conditions pervade substantial areas of performance."  *Frost Constr. Co. v. Lobo, Inc.*, 951 P.2d 390, 397-398 (Wyo.

---

[1] The parties agree that under Utah's choice of law rules, Wyoming substantive law applies to this dispute.

[2] APF apparently argues that no actual contract exists, in which case, it contends, Solvay has been unjustly enriched. The parties have not thoroughly briefed the issue regarding whether a contract exists, and thus, the court declines to dismiss the unjust enrichment claim.

1998).  APF has set forth evidence establishing that a reasonable jury could award APF a recovery based on its total cost.  Specifically, APF has created disputed facts as to whether (1) the nature of the particular losses make[s] it impossible or highly impracticable to determine them with a reasonable degree of accuracy; (2) the plaintiff's bid or estimate was realistic; (3) its actual costs were reasonable; and (4) it was responsible for the added expenses.  *See Frost Constr. Co.,* 951 P.2d at 397-398; *see also City of Gillette v. Hladky Const., Inc.*, 2008 WY 34, ¶ 53, 196 P.3d 184, 201 (Wyo. 2008).  In other words, it has created a disputed fact about whether the out-of-scope work pervaded the DR2 Re-Tube Project.  Consequently, as the jury decides whether APF has proven its claims for breach of contract (or unjust enrichment) and for breach of the implied covenant of good faith and fair dealing, the jury will also decide the proper method of computing APF's recover, if any.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Solvay's Motion for Partial Summary Judgment [Docket No. 31] is DENIED.  Counsel for both Solvay and APF are directed to contact the court to schedule the trial of this matter, which shall be held on a date after July 1, 2015.  After the trial date has been set, the court will issue a Trial Order, which will contain deadlines and other instructions regarding trial-related matters.

DATED this 9th day of March, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge